IN THE MATTER OF THE APPLICATION OF ADELAIDE L. DOUG-
LAS, FOR AN ORDER DIRECTING THE BOARD OF SUPER-
VISORS OF QUEENS COUNTY TO CORRECT THE ASSESSMENT-
ROLL OF THE TOWN OF FLUSHING.

*Taxes levied without authority of law — may be stricken from the assessment-rolls by
an order of a County Court — a party is only required to appear before the assessors
in cases coming within their jurisdiction.*

"The legislature having, by the passage of section 5 of chapter 855 of 1869, as
amended by chapter 695 of 1871, delegated to county courts the power to make
an order requiring the boards of supervisors to refund the amount, collected from
any person, " of any tax illegally or improperly assessed or levied," must be
presumed to have intended to also confer upon those courts the power to
strike from the assessment-rolls an uncollected tax, levied without authority
of law.

A party outside of the jurisdiction of the assessors is under no obligation to
appear before them, to object to an assessment being made against him, and he
cannot be presumed to know that an illegal tax is about to be assessed against him.

APPEAL from an order of the County Court of Queens county,
dismissing an application for an order directing the board of super-
visors of Queens county to correct the assessment-roll of the town of
Flushing, by striking therefrom the name of Adelaide L. Douglas,
as guardian, etc., assessed at the sum of $25,000 for personal
property.

The application to the County Court was made pursuant to the
Laws of 1869 (chap. 855, § 5), as amended by the Laws of 1871,
chapter 695.

*Howard A. Sperry*, for Adelaide L. Douglas, appellant.

*Benjamin W. Downing*, for the Board of Supervisors, respondent.

PRATT, J.:

No point was made below that the relator, guardian, etc., has no
property of the infant in her possession; that the whole of the
infant's estate is vested in the executors and trustees of the will of
Effingham Townsend, deceased, and that neither of the said
executors reside in Queens county; also, that said property is
assessed and pays taxes in the city of New York. The decision of

the court below assumed these facts, but based its decision dismissing the application upon the ground that, inasmuch as the tax had not been paid, no relief could be granted.

Had any point been made as to the sufficiency of the proof, the relator's position might have been fortified by further evidence. The fatal error in the whole proceeding seems to be that the assessor never acquired jurisdiction to levy the tax. Neither the property nor the residence of the person in possession of it was in Queens county. It, therefore, follows that the acts of the board of supervisors in levying the assessments were void.

It is not the case of correcting an erroneous assessment, or correcting any manifest clerical or other error in an assessment, but it is an application to have a tax levied without authority of law, *i. e.*, without jurisdiction, stricken from the assessment-roll. It is conceded that if the tax had been paid upon an illegal assessment, the court had power to order the amount refunded. The idea that the jurisdiction of the court should depend upon such a useless formality seems absurd. We think it was the intention of the legislature, in the statutes of 1869 and 1871, to vest in the County Courts power to determine all such questions, and those acts having specially delegated the power to County Courts to order an illegal tax refunded, it must be presumed to have the power to have such a tax stricken from the roll.

The provisions requiring parties to appear before the assessors and state their grievances only apply to cases within the jurisdiction of the assessors. A party outside of the jurisdiction is under no obligation to appear before the assessors, and he cannot be presumed to know that an illegal tax is about to be assessed against him.

Order reversed, with costs and disbursements.

BARNARD, P. J., and DYKMAN, J., concurred.

Order denying motion to correct roll reversed, with costs and disbursements, and motion granted.